IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01195-LTB

KARL A. ROBINSON,

    Petitioner,

v.

THE UNITED STATES OF AMERICA,

    Respondent.

___

ORDER DENYING MOTION TO RECONSIDER
___

Petitioner, Karl A. Robinson, has filed *pro se* a Motion to Reconsider (ECF No. 7) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on June 12, 2013.  The Court must construe the motion liberally because Mr. Robinson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider the motion to reconsider filed by Mr. Robinson pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this

action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Robinson initiated this action by filing *pro se* a Petition for Relief Pursuant to the Federal Tort Claims Act (ECF No. 1). On May 7, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Robinson to cure certain deficiencies within thirty days if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland directed Mr. Robinson to file a Prisoner Complaint and either to pay the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On June 5, 2013, Mr. Robinson filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4). However, he did not file a Prisoner Complaint as directed. Therefore, on June 12, 2013, the Court entered an order dismissing this action without prejudice because Mr. Robinson failed within the time allowed to cure all of the deficiencies.

Mr. Robinson alleges in the motion to reconsider that, after he received the order directing him to cure the deficiencies in this action, he responded by filing a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a letter to the Court stating that he had filed a complaint. Mr. Robinson also insists that he did file a complaint with a detailed account of what occurred. It appears that the complaint to which Mr. Robinson refers is the Petition for Relief Pursuant to the Federal Tort Claims Act (ECF No. 1) he filed when he initiated this action because he asks "if I never filed a complaint, how did the court even know about the matter?" (ECF No. 7 at 1.)

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Robinson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. There is no question that Mr. Robinson initiated this action by filing a Petition for Relief Pursuant to the Federal Tort Claims Act (ECF No. 1). However, Mr. Robinson did not cure all of the deficiencies because he did not file a Prisoner Complaint on the proper form as directed and as required by the Court's local rules. *See* D.C.COLO.LCivR 8.2A. As a result, the motion to reconsider will be denied. Mr. Robinson is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Robinson wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Motion to Reconsider (ECF No. 7) is DENIED.

DATED at Denver, Colorado, this  24th  day of    June       , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court